RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

Kelly Pichardo,

                                        Plaintiff,

                -against-

Fifty Five Long Island Corp. d/b/a Privileged, Matthew
Robinson, an individual, Allison Monfort, an individual,
and Cindy R. Devitt, an individual,

                                 Defendants.

--------------------------------------------------------------------------X

**COMPLAINT**

**20-CV-2652**

       Plaintiff KELLY PICHARDO ("Plaintiff"), by counsel, RAYMOND NARDO, P.C.,

upon personal knowledge, complaining of defendants, FIFTY FIVE LONG ISLAND CORP.

d/b/a PRIVILEGED, MATTHEW ROBINSON, ALLISON MONFORT, AND CINDY R.

DEVITT,  (collectively referred herein as "defendants") alleges:

**NATURE OF THE ACTION**

       1.      This action seeks to recover unpaid minimum wages and other monies

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New

York Labor Law § 190, *et seq.* ("NYLL") on behalf of an exotic dancer formerly

employed by Defendants.

2.    Defendants deprive its exotic dancers of the protections of the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") by misclassifying them as independent contractors, and failing to pay minimum wage and overtime.

## JURISDICTION

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as the corporate defendants are located in the Eastern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7.    Plaintiff resides in the Bronx, New York. She was employed by defendants as an exotic dancer from on or about January 2018 through October 2019. Plaintiff worked

approximately five days per week, and sometimes more.

8.   During the time period that she worked as an exotic dancer, and she reported to work approximately 10:00pm and worked until approximately 5:00am, for approximately seven hours per day.

9.   Plaintiff's duties were to perform exotic dances on stage and perform lap dances for clients.

10.  Plaintiff was never permitted an uninterrupted half hour meal break.

11.  Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

12.  Defendant FIFTY FIVE LONG ISLAND CORP. d/b/a PRIVILEGED is a New York corporation that owns and operates PRIVILEGED.  The principal executive office is located at 49-14 Queens Blvd., Queens, NY 11377.

13.  Defendant FIFTY FIVE LONG ISLAND CORP. d/b/a PRIVILEGED is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including alcoholic beverages, non-alcoholic beverages, stirrers, straws, dry goods, and food; and (2) an annual gross volume of sales in

excess of $500,000.

14.   FIFTY FIVE LONG ISLAND CORP. d/b/a PRIVILEGED is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

15.   At all relevant times, FIFTY FIVE LONG ISLAND CORP. d/b/a PRIVILEGED has maintained control, oversight, and direction over plaintiff and directed her duties and working hours at FIFTY FIVE LONG ISLAND CORP. d/b/a PRIVILEGED.

16.   For instance, FIFTY FIVE LONG ISLAND CORP. d/b/a PRIVILEGED told Plaintiff that she had to work certain slow days in order to work on a weekend day.

17.   FIFTY FIVE LONG ISLAND CORP. d/b/a PRIVILEGED also told Plaintiff that she could keep any money which lands on stage during her dance performances, but that the bartenders would keep any money that lands on the floor.

18.   Defendant MATTHEW ROBINSON  is a person engaged in business in the County of Queens, who is an owner, officer, principal and/or manager of PRIVILEGED. He exercises sufficient control over PRIVILEGED's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records and, at all times material herein, established and exercised authority regarding the pay practices at PRIVILEGED.

19.   Defendant ALLISON MONFORT  is a person engaged in business in the County of Queens, who is an owner, officer, principal and/or manager of PRIVILEGED.  He exercises sufficient control over PRIVILEGED's operations to be considered Plaintiff's

employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records and, at all times material herein, established and exercised authority regarding the pay practices at PRIVILEGED.

20.   Defendant CINDY R. DEVITT  is a person engaged in business in the County of Queens, who is an owner, officer, principal and/or manager of PRIVILEGED.  He exercises sufficient control over PRIVILEGED's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records and, at all times material herein, established and exercised authority regarding the pay practices at PRIVILEGED.

21.   The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA.

22.   Plaintiff is subject to "individual coverage" under the FLSA because she engaged in interstate commerce by accepting credit card payments for customers.

23.   Defendants sell food and are in the Hospitality industry in New York.

24.   Defendants had 11 or more employees at all relevant times.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGE

25.   Defendants are required to pay Plaintiff full minimum wage at a rate of $13.00 per hour in 2018 and $15.00 per hour in 2019, under the FLSA and NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations and/or the Fair Labor Standards

Act, since Defendants have more than 11 employees.

26. Defendants did not pay Plaintiff minimum wage for all hours that Plaintiff was suffered, or permitted by defendants, to work.

**DEFENDANTS' VIOLATIONS OF THE
WAGE THEFT PREVENTION ACT**

27. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of hire and at any time the wage is increased.

28. Defendants failed to furnish Plaintiff with annual wage notices as required by §195(1) of the Labor Law.

29. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

30. Defendants failed to furnish Plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

**DEFENDANTS' UNLAWFUL DEDUCTION FROM WAGES**

31. Defendants are not permitted to deduct any money, or charge Plaintiff any money, from the tips, gratuities, or fees earned by Plaintiff.

32. Defendants deducted money from Plaintiff by requiring her to pay a House Fee

of $80 to $120 per day, in violation of the New York State Labor Law.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act – Unpaid Minimum Wages)**

33.  Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

34.  At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

35.  At all times relevant, defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

36.  Defendants have failed to pay Plaintiff the minimum wage to which she was entitled under the FLSA.

37.  Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

38.  Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

39.  As a result of defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C.

§§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (New York Labor Law – Unpaid Minimum Wages)

40. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

42. At all times relevant, Plaintiff has been an employee of defendants, and defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

43. Defendants have failed to pay Plaintiff the basic minimum hourly wage to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

44. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

45. Due to defendants' willful violations of the NYLL, Plaintiff is entitled to recover from defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**(New York Labor Law – Failure to Provide Wage Notices)**

46.  Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

47.  Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

48.  Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

49.  Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per day, for each day that the violation occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FOURTH CAUSE OF ACTION
### (New York Labor Law – Failure to Provide Wage Notices)

50.   Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs**.**

51.   Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

52.   Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

53.   Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $250 per day, up to $5,000,  plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FIFTH CAUSE OF ACTION
### (Unlawful Wage Deductions)

54.  Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraph.

55.  Pursuant to § 193 of the New York Labor law, defendants are not permitted to deduct anything from tips, gratuities, or fees paid to Plaintiff.

56.  Defendants required Plaintiff to pay a house fee each day, at the cost of $80 to $120.

57.  Said deductions from Plaintiff's pay, or forced expenditures, are prohibited and unlawful under § 193 of the New York Labor Law and under 22 NYSCRR § 146-1.8.

58.  Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the unlawful deductions from pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Disgorgement of Unlawfully Withheld Tips)

59.  Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

60.   Patrons tipped Plaintiff for her services by tossing money at and towards Plaintiff.

61.  Despite the fact that these tips were intended for Plaintiff, all the tip monies that landed on the floor, instead of the stage, was directed to the bartenders.

62.  Consequently, Defendants retained and redistributed Plaintiff's tips, in violation of the NYLL, making Defendants liable for disgorged tips, liquidated damages, counsel fees, and costs, under the NYLL.

**DEMAND FOR JURY TRIAL**

63.  Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.  Declaring that defendants have violated the minimum wage of the FLSA, and supporting United States Department of Labor Regulations;

b.  declaring that defendants have violated the minimum wage provisions of the NYLL, and supporting regulations;

c.  declaring that defendants have violated the Wage Theft Prevention Act;

d.  declaring that defendants' violations of the FLSA were willful;

e.  declaring that defendants' violations of the NYLL were willful;

f.  awarding Plaintiff damages for all unpaid wages;

g.  awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.   awarding damages of $50.00 per day, for each day that a violation of §195(1) occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i.   awarding Plaintiff liquidated damages of $250.00 per day, for each day that a violation of §195(3) occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j.   awarding plaintiff disgorgement, damages, and liquidated damages, for all money unlawfully deducted from her wages, in violation of NYLL § 193;

k.   awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

l.   granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

m.   awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

n.   awarding such other and further relief as the Court deems just and proper.

Dated:       Mineola, NY
             June 15, 2020

                                        RAYMOND NARDO, P.C.

                                        By:
                                              RAYMOND NARDO, ESQ.

                                        129 Third St
                                        Mineola, NY 11501
                                        (516) 248-2121
                                        raymondnardo@gmail.com
                                        *Counsel for Plaintiff*